IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

DEC 17 2014

ARTHUR JOHNSTON
BY_____ DEPUTY

JAMES OTIS HUGHES AND
EDNA RASH HUGHES

**PLAINTIFFS**

V.                                    CIVIL ACTION NO. 3:14cv 974CWR-FKB

UNITED STATES OF AMERICA                                    **DEFENDANT**

## COMPLAINT

This is a medical malpractice claim under the Federal Tort Claims Act, 28 U.S.C. § 1346,

*et seq.*, brought by a veteran serviceman and his wife for negligence occurring at the G. V.

"Sonny" Montgomery Veterans Administration Medical Center in Jackson, Mississippi.

### JURISDICTION

**1.**

Jurisdiction is invoked in this action under federal question jurisdiction pursuant to and in

compliance with 28 U.S.C. §§ 1346 (b), 2671, *et seq.*, commonly known as the "Federal Tort

Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation

in the Federal District Court.

### VENUE

**2.**

Venue is proper in this district pursuant to 28 U.S.C. § 1402 (b), inasmuch as this is a

district in which the Plaintiff resides, the United States is a Defendant, and wherein the acts or

omissions complained of occurred.

## PARTIES

### 3.

The Plaintiffs, James Otis Hughes, a retired Army serviceman, Specialist 4, Senior Military Police, and his wife Edna Rash Hughes, are adult resident citizens of Jackson, Hinds County, Mississippi.

### 4.

The Defendant is the United States of America.  The Defendant may be served with process pursuant to Federal Rules of Civil Procedure 4(1) by:

      (A) delivering a copy of the Summons and Complaint to the Honorable Greg Davis, United States Attorney for the Southern District of Mississippi, at his address of 501 East Court Street, Suite 4.430, Jackson, Mississippi 30201; and

      (B) mailing a copy of the Summons and Complaint by registered or certified mail to the Honorable Eric J. Holder, Jr., Attorney General of the United States, at his address of United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001; and

      (C) mailing a copy of the Summons and Complaint by registered or certified mail to Honorable Robert A. McDonald, Secretary, United States Department of Veterans Affairs, 810 Vermont Avenue, NW, Washington, D.C. 20420.

## LIABILITY OF THE UNITED STATES OF AMERICA

### 5.

This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. § 2671-2680, commonly referred to as the "Federal Tort

Claims Act." Liability of the United States is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries, and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America at the G. V. "Sonny" Montgomery Veterans Administration Medical Center in Jackson, Mississippi, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of Mississippi.

## JURISDICTIONAL PREREQUISITES

### 6.

Plaintiffs plead, pursuant to Title 28 U.S.C. §§ 2672 and 2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency, the Department of Veterans Affairs, through the G. V. "Sonny" Montgomery VA Medical Center on December 10, 2013, and an amended claim for Plaintiffs James Otis Hughes and Edna Rash Hughes on February 5, 2014. Greater than six months have passed since the filing of these claims, and the Department of Veterans Affairs has denied or failed to resolve the claims. All said claims are therefore deemed denied. Accordingly, Plaintiffs have complied with and exhausted all procedural and jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

### 7.

Attached to the Complaint as Exhibit "A" is the Certificate of Compliance pursuant to the requirements of Mississippi Code Ann. § 11-1-58(1)(a), Exhibit "B," the notice letters required

-3-

under § 15-1-36(15), Mississippi Code Ann., and Exhibit "C," the Department of Veterans

Affairs denial letter.

**THE G. V. "SONNY" MONTGOMERY VA MEDICAL CENTER, THE DEPARTMENT OF VETERANS AFFAIRS, AND THE VETERANS ADMINISTRATION HEALTH SERVICES ARE AGENCIES OF THE UNITED STATES.**

**8.**

The United States Department of Veterans Affairs and its affiliated Veterans

Administration Health Services are agencies of the United States of America.  The United States

of America, through its agencies, at all times material hereto owned, operated, and controlled the

health care facilities known as the G. V. "Sonny" Montgomery Veterans Administration Medical

Center in Jackson, Mississippi, and through its said agencies, staffed said health care facilities

with its agents, servants, and/or employees.

**EMPLOYMENT AND COURSE AND SCOPE**

**9.**

At all times material hereto, all persons involved in the medical and healthcare services

provided to Plaintiff James Otis Hughes at the G. V. "Sonny" Montgomery Veterans

Administration Medical Center in Jackson, Mississippi, were agents, servants, and/or employees

of the Veterans Administration, United States of America, or some other agency thereof, and

were at all times material hereto, acting within the course and scope of such employment.

**FACTS**

**10.**

This is a Federal Tort Claims Action for money damages sustained by the Plaintiffs,

James Otis Hughes for his injuries and for Edna Rash Hughes for her loss of consortium,

-4-

resulting from the injuries and disability sustained as a result of the negligent failure to diagnose and treat James Otis Hughes for bladder cancer despite clinical signs which were reported to be addressed under the recognized standard of care.

### 11.

James Otis Hughes first presented to the VA Medical Center in Jackson, Mississippi, on October 6, 2006, with complaints of difficulty with urination. According to the records, at the VA Medical Center, Mr. Hughes was noted to have blood in his urine. Although this result was notated from a standard urine test, with clearly specified results, no action was taken to offer treatment to Mr. Hughes by the VA, acting at this point through its Nurse Practitioner. No doctor or other medical professional was put on notice of the blood in the urine.

### 12.

Thereafter, Mr. Hughes made repeated trips to the VA Medical Center, from October 6, 2006 through December 5, 2012, all without appropriate treatment. The hematuria, or blood in the urine, grew increasingly more manifest.

### 13.

The problems Mr. Hughes faced with urination became so severe that Mr. Hughes was in terrible pain, and when he would attempt to empty his bladder clots of blood would be produced. The pain was constant and so severe that Mr. Hughes could not sleep at night.

### 14.

Mr. Hughes presented again to the VA emergency room on December 5, 2012.

**15.**

It was a doctor at the VA's emergency room who grew concerned and ordered tests for Mr. Hughes on December 5, 2012.

**16.**

Inexplicably, those necessary tests were delayed for another two months, from December 5, 2012, until February 5, 2013.

**17.**

On February 5, 2013, a CT scan showed that Mr. Hughes had cancer.

**18.**

During the delay, Mr. Hughes suffered increasing pain, loss of sleep, and fear.

**19.**

Mr. Hughes missed days of work and could no longer engage in ordinary daily activities. He was agitated, upset, and suffering severe mental anguish and emotional distress, unable to get along with his wife or co-workers.

**20.**

It was only after the tests were finally completed on February 15, 2013, that Mr. Hughes's diagnosis of bladder cancer was made and it was only on that date that Mr. Hughes was first on notice of his medical condition, the injury itself, and it was only later that Mr. Hughes learned of the causal connection between the VA's medical negligence and the growth of his cancer.

**21.**

A provider at the emergency room at the VA informed Mr. Hughes and his wife that the VA should have followed up in 2007, saying words to the effect that, "This doesn't make any

sense.  Why didn't anybody follow up?" and "Why weren't any tests done?"  At that point, Mrs. Hughes asked, "Could it be bad?" and this provider seemed distraught and said, "Yes, it could be bad," and started scheduling tests and appointments for Mr. Hughes at that very moment.

### 22.

Mr. Hughes underwent surgery on February 21, 2013.

### 23.

Since the surgery, Mr. Hughes has continued to suffer the after-effects of his delayed care and is now deemed permanently and totally disabled.

### 24.

Plaintiff Mrs. Edna Rash Hughes has suffered loss of companionship, consortium, and continuing relationship with her husband due to his now disabling condition.

### 25.

The United States Government health care providers failed to properly examine, care for, diagnose, test, treat, and follow-up James Otis Hughes even though he had signs and symptoms of bladder cancer.  The negligence resulted in an untreated cancer leading to extensive surgery, pain, suffering, loss of employment, mental anguish and fear of death.  More likely than not, had Mr. Hughes received diagnosis and treatment in a timely manner, his incipient cancer would have been adequately treated and he would not have become permanently disabled.

## CAUSE OF ACTION AGAINST THE UNITED STATE OF AMERICA

### 26.

At all times, Defendant the United States of America, owed James Otis Hughes and Edna Rash Hughes the duty to use reasonable care in its provision of care and treatment.  At all times

relevant to this cause of action, the Defendant, through its servants, nurse practitioners and physicians, owed James Otis Hughes the duty to exercise the degree of skill and care as required by minimally competent, reasonably prudent health care providers practicing under like or similar circumstances.

## 27.

Defendant breached the recognized standard of acceptable professional practice in the same or similar medical community at the time of James Otis Hughes's treatment and the injuries he incurred.  Defendant acted with less than or failed to act with ordinary and reasonable care in accordance with the recognized standard of professional medical practice and was, therefore, negligent in its care and treatment of James Otis Hughes in the following ways, including but not limited to:

1. Defendant failed to properly and timely treat James Otis Hughes;

2. Defendant failed to properly and timely care for James Otis Hughes;

3. Defendant failed to properly and timely diagnose James Otis Hughes;

4. Defendant failed to properly and timely monitor James Otis Hughes;

5. Defendant failed to properly and timely evaluate James Otis Hughes;

6. Defendant failed to properly and timely perform diagnostic tests for James Otis Hughes's conditions, signs, and symptoms;

7. Defendant failed to properly and timely perform a differential diagnosis in order to rule in or rule out cancer in light of James Otis Hughes's symptoms; and

8. Defendant failed to timely treat James Otis Hughes's bladder cancer.

At all times mentioned herein, the employees, agents, and/or representatives of the United

States Government were negligent and proximately caused the injuries and damages sustained by James Otis Hughes and his wife.

## DAMAGES

### 28.

As a direct and proximate result of Defendant's negligent acts and/or omissions, James Otis Hughes suffered severe and permanent bodily injuries, mental and emotional distress, pain and suffering, medical expenses, prolonged injury, loss of employment and future earnings, and fear of death.  As a proximate result of the negligence of the Defendant, and its agents, employees, servants, and/or representatives, Plaintiff Edna Rash Hughes sustained the loss of society and services, and damages for mental pain and suffering, the loss of society and companionship, the loss of his services, and other such damages to be determined by the Court.

### 29.

Plaintiffs hereby plead for all damages available under Mississippi state law, federal law, and equity, including but not limited to:

1. Physical pain, suffering, and discomfort of James Otis Hughes;

2. Mental anguish of James Otis Hughes;

3. Medical and health care expenses of James Otis Hughes, past and future;

4. Loss of earnings and earning capacity of James Otis Hughes;

5. Loss of household services of James Otis Hughes;

6. Pecuniary losses – the loss of the care, maintenance, support services, and other reasonable contributions of pecuniary value that James Otis Hughes could have made to his wife and family;

7.  Loss of consortium sustained by James Otis Hughes's wife, Edna Rash Hughes, and her mental anguish;

8.  Loss of enjoyment of life by James Otis Hughes;

9.  Permanent injury and disability; and

10.  All other such damages to be determined by the Court as applicable, in an amount to be determined by the fact-finder in this action.

**30.**

Plaintiffs seek all damages available under Mississippi and federal law resulting from the injuries suffered as a result of the occurrences in question.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs James Otis and Edna Rash Hughes request that the Defendant be cited in terms of law to appear and answer herein; that upon final trial and hearing hereof, the Plaintiffs have judgment against the Defendant in an amount within the jurisdictional limits of this Court, to be determined by the Court, that would fully and fairly compensate Plaintiffs for all damages sustained by Plaintiffs, and for such other and different amounts as they shall show by proper amendment, for post judgment interest at the applicable legal rate, for all Court costs, including legal fees incurred in this litigation, and for such other and further relief at law and in equity, both general and special, to which Plaintiffs may show themselves entitled and to which this Court finds them deserving.

Respectfully submitted, this the _____ 17th _____ day of December, 2014.

Dennis L. Horn, Attorney for Plaintiffs

-10-

Dennis L. Horn (MSB #2645)
Shirley Payne (MSB #4071)
HORN & PAYNE, PLLC
P. O. Box 2754
Madison, MS 39130-2754
Phone:  601-853-6090
FAX:  601-853-2878
hornpayne@gmail.com